1  MICHAEL E. SCHWIMER, ESQ. – State Bar No. 255567
2  **SCHWIMER WEINSTEIN LLP**
   2665 Main St., Suite 200
3  Santa Monica, CA 90405
   Michael@SWLawLLP.com
4  Main:  (310) 957-2700
   Fax:  (310) 957-2701
5

6  Attorney(s) for Defendant(s)
7  BIRDSBORO KOSHER FARMS CORP.

8                    **UNITED STATES DISTRICT COURT**
9
10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  YORAM COHEN, an individual,              Case No.: 2:16-cv-02958-PSG-JPR
                                             Assigned to the Hon. Philip S. Gutierrez
13              Plaintiff,                   and Jean P. Rosenbluth (Magistrate)

14       vs.

15                                           **DEFENDANT BIRDSBORO KOSHER
    BIRDSBORO KOSHER FARMS CORP., a          FARMS CORPP.'S NOTICE OF
16  Pennsylvania Corporation; ISAAC          MOTION AND MOTION TO DISMISS
    PERLMUTTER, an individual a/k/a Issy     PLAINTIFF'S COMPLAINT [FRCP
17  Perlmutter, an individual; and DOES 1-50,  12(b)(6)] OR IN THE ALTERNATIVE,
    inclusive,                               FOR A MORE DEFINITE
18                                           STATEMENT [FRCP 12(e)]; AND
19                                           MEMORANDUM OF POINTS AND
                Defendants.                  AUTHORITIES IN SUPPORT
20                                           THEREOF**

21
22                                           **Date:   7/18/2016
23                                           Time:  1:30 p.m.
                                             Dept.:  880 - Roybal**

24

25

26

27

28

                                         1

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on July 18, 2016 or as soon thereafter as this matter may be heard, before the Honorable Philip S. Gutierrez in Courtroom 880 - Roybal of the above-entitled Court located at 255 East Temple St., Los Angeles, CA 90012, defendant Birdsboro Kosher Farms Corp. ("BKF") will and hereby does move this Court for an Order dismissing plaintiff Yoram Cohen's ("Cohen") Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) or in the alternative requiring Cohen to make a more definite statement pursuant to FRCP 12(e).

This Motion is made on the grounds that:

(1) The Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570; FRCP 8(a);

(2) The Complaint does not allege fraud with the requisite particularity set forth in FRCP 9(b);

(3) The First Cause of Action for Fraud fails to state a claim for which relief can be granted;

(4) The Fifth Cause of Action for Breach of Corporate Guaranty fails to state a claim upon which relief can be granted;

(5) The Sixth Cause of Action for Restitution fails to state a claim upon which relief can be granted;

(6) The Tenth Cause of Action for Breach of Corporate Guaranty fails to state a claim upon which relief can be granted;

(7) The Eleventh Cause of Action for Restitution fails to state a claim upon which relief can be granted; and in the alternative

(8) The Complaint is so unintelligible as a whole that BKF cannot reasonably prepare a response, and therefore requires a more definite statement.

The motion will be based on this Notice of Motion and Motion, the Memorandum

of Points and Authorities filed herewith, and the pleadings and papers field herein.

This motion is made following multiple conferences of counsel pursuant to L.R. 7-3 which have taken place over the preceding several months, the last of which occurred on May 6, 2016.

Dated: May 25, 2016                          SCHWIMER WEINSTEIN
                                         By:   /S/ Michael E. Schwimer
                                             MICHAEL E. SCHWIMER

                                             Attorney(s) for Defendant(s)
                                             BIRDSBORO KOSHER FARMS CORP.

**NOTICE OF MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. SUMMARY OF THE COMPLAINT ................................................................2

III. LEGAL STANDARD........................................................................................3

    A.    MOTION TO DISMISS [FRCP 12(b)6]......................................3

    B.    MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]............3

IV. ARGUMENT......................................................................................................4

    A.    THE COMPLAINT IS NOT PLAUSIBLE ON ITS FACE .........................4

        *1.    Legal Standard for Plausibility.*........................................4

        *2.    Cohen has Alleged an Illegal Commercial Bribery Scheme.*..............5

        *3.    Commercial Bribery is the Obvious and Only Explanation for the Facts Alleged.* ...............................5

    B.    COHEN FAILS TO PLEAD FRAUD WITH THE REQUISITE PARTICULARITY ...............................................7

    C.    THE FIRST CAUSE OF ACTION FOR FRAUD FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION ...........9

        *1.    As a Matter of Law Mr. Perlmutter had no Authority to Act on Behalf of BKF.* ...............................9

        *2.    Cohen has not Alleged any Actionable Misrepresentations.* .............9

        *4.    Cohen cannot Allege Reasonable Reliance.* ....................................11

    D.    THE FIFTH AND TENTH CAUSES OF ACTION FOR BREACH OF CORPORATE GUARANTY FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION ...................................11

    E.    THE SIXTH AND ELEVENTH CAUSES OF ACTION FOR RESTITUTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION ...................................12

    F.    IN THE ALTERNATIVE COHEN SHOULD BE ORDERED TO SERVE A MORE DEFINITE STATEMENT.........................................13

i

V. CONCLUSION ..................................................................................................13

**<u>CASES</u>**

*al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949....................................................3

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ...................................................................3

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters* (1983) 459
   U.S. 519 .............................................................................................................3

*Atieh v. Riordan* (1st Cir. 2013) 727 F.3d 73 .........................................................4

*Balderrama v. Pride Indus., Inc.* (WD TX 2013) 963 F.Supp.2d 646 ...............................4

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 ..............................................4

*Borsellino v. Goldman Sachs Group, Inc.* (7th Cir. 2007) 477 F.3d 502 ...........................8

*Bridgeman v. United States* (ED CAL 2011) 2:10-CV-01457 JAM, 2011, WL 221639 .13

*CADC/RAD Venture 2011-1 LLC v. Bradley* (2015) 235 Cal.App.4th 776......................12

*Carr v. Tatum* (1933) 133 Cal.App. 274.................................................................10

*Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020 ........................................7

*Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952 ...................................................8

*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350 .......................................13

*Grant v. U. S. Elecs. Corp.* (1954) 125 Cal.App.2d 193 ...........................................10

*Hall v. Auburn Turnpike Co.* (1865) 27 Cal. 255 ....................................................9

*Hege v. Worthington, Park & Worthington* (1962) 209 Cal.App.2d 670 .......................12

*Kahn v. Lischner* (1954) 128 Cal.App.2d 480.........................................................11

*Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F.3d 1120 ........................................8

*Marlin v. Aimco Venezia, LLC* (2007) 64 Cal.Rptr.3d 488 ......................................13

*McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172 ....................................................4

*Medrano v. Kern County Sheriff's Officer* (ED CA 2013) 921 F.Supp.2d 1009................4

*Meyer v. Glenmoor Homes, Inc.* (1966) 246 Cal.App.2d 242.....................................9

*Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531 .........................8

*Navarro v. Block* (9th Cir. 2001) 250 F.3d 729.......................................................3

ii

*Padgett v. Phariss* (1997) 54 Cal.App.4th 1270.................................................................10

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v.*

   *Morgan Stanley Investment Mgmt. Inc.* (2nd Cir. 2013) 712 F.3d 705..........................4

*Saks v. Charity Mission Baptist Church* (2001) 90 Cal.App.4th 1116..............................9

*SmileCare Dental Grp. v. Delta Dental Plan of Cal.* (9th Cir. 1996) 88 F.3d 780.............3

*Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953 ..........................................................4

*Stephens v. Daugherty*, (1917) 33 Cal.App. 733 ...............................................................12

*Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756 ...........................................................8

*Tempur-Pedic Int'l Inc. v. Angel Beds LLC* (SD TX 2012) 902 F.Supp.2d 958 .................3

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.* (CD CA 2015) __ F.Supp.3d

   __ ......................................................................................................................................8

*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097..........................................8

*Williams v. WMX Technologies, Inc.* (5th Cir. 1997) 112 F3d 175.....................................8

## **STATUTES**

California Code of Civil Procedure § 1974 ........................................................................10

California Corporations Code § 315 ....................................................................................9

California Penal Code § 641.3 .............................................................................................5

Federal Rule of Civil Procedure 9(b).................................................................................7

## **TREATISES**

Restatement of Torts 2d §538A ..........................................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Although styled as an action based on two purported "loan" transactions, this lawsuit is anything but that.  Rather, this lawsuit is plaintiff Yoram Cohen's ("Cohen") further attempt to profit from an illegal commercial bribery scheme he perpetrated against defendant Birdsboro Kosher Farms Corp. ("BKF").

Cohen's complaint (the "Complaint") admits that he engaged in a typical commercial bribery scheme wherein he attempted to extract personal benefits from BKF by bribing one of its officers, Issac Perlmutter ("Mr. Perlmutter").  As alleged by Cohen, he wired $200,000 in cash to Mr. Perlmutter in exchange for Mr. Perlmutter agreeing to award Cohen an exclusive distributorship agreement to sell BKF's products, and agreeing to have BKF issue to Cohen a substantial share of BKF's stock.

In an attempt to conceal the true nature of his scheme, Cohen had Mr. Perlmutter execute *personal* loan documents to be secured by the corporate guarantee of BKF, which were also executed by Mr. Perlmutter.  Cohen now attempts to explain the backwards nature of this transaction by alleging that he would not lend money to BKF directly because it was a newly formed company.  Yet, if Cohen would not lend to BKF because in his own opinion, it was not creditworthy, it certainly makes no sense that he would lend to Mr. Perlmutter based upon the creditworthiness of BKF.

If this transaction was anything but an illegal bribery scheme, Cohen would have loaned the funds directly to BKF secured by a *personal* guarantee of Mr. Perlmutter.  Yet, from the facts admitted by Cohen, the actual "loan" documents attached to the Complaint as Exhibitis, and the timing and mechanics of the alleged loan transaction, it is clear that this was (and is) an illegal bribery scheme that Cohen is now attempting to masquerade as a legitimate loan transaction.

Even assuming *arguendo* that the purported "loans" were not a sham, Cohen has failed to state any viable claim for relief as against BKF.  Cohen has failed to plead fraud

with particularity as required by FRCP 9(a).  He has failed to allege all of the elements of fraud as against BKF.  On the face of the Complaint, he cannot as a matter of law allege that Mr. Perlmutter had the authority to act on behalf of BKF, that any misrepresentations were actually made, or that he was justified in his alleged reliance.  In fact, as to BKF, Cohen's fraud claim is also barred by the applicable Statute of Frauds that requires representations regarding a third party's credit to be made in writing in order to be actionable.  Further, Cohen's attempt to enforce the purported corporate guarantees fail because Mr. Perlmutter had no authority to act on behalf of BKF, they lack consideration, and are a sham.  Finally, Cohen's claims for restitution against BKF fail because restitution is a remedy, not a cause of action, Cohen has alleged a contract between himself and BKF precluding an action in general assumpsit, and Cohen has not alleged that he ever enriched BKF.

Thus, as to BKF, Cohen has not and cannot state a viable claim upon which relief can be granted, and this action should be dismissed as to BKF with prejudice.

## II.

## <u>SUMMARY OF THE COMPLAINT</u>

Cohen alleges that he made two "loans" to Mr. Perlmutter, each in the amount of $100,000, and each purportedly secured by the "corporate guarantee" of BKF.  Complaint ¶¶ 10-15.  According to Cohen, he made these "loans" to Mr. Perlmutter in exchange for Mr. Perlmutter (who is alleged to have been "a major shareholder, officer, and director of BKF") agreeing to use his positions as a director and officer of BKF to award Cohen with an "exclusive distributorship agreement for the sale of BKF's goods throughout Los Angeles County and Orange County," and to issue to Cohen shares of BKF stock.  Complaint ¶¶ 9, 10, and 11.  Cohen further alleges that he made the two "loans" based on Mr. Perlmutter's representations that Mr. Perlmutter and BKF were "in strong financial health" and as to the second "loan," that Mr. Perlmutter and BKF could and would repay the first "loan."  ¶¶ 18-19.  Cohen claims that Mr. Perlmutter never repaid the "loans," and is now suing Mr. Perlmutter and BKF.  *See* Complaint ¶¶ 28 and

**MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

53.  Cohen has alleged five causes of action against BKF: fraud, breach of corporate guaranty with respect to each "loan," and restitution with respect to each "loan."  *See* Complaint.  Mr. Perlmutter has not yet appeared in this action and Cohen has obtained a default judgment against him.

## III.

## <u>LEGAL STANDARD</u>

### A.     *MOTION TO DISMISS [FRCP 12(b)6]*

A  motion  to  dismiss  under  FRCP  12(b)(6)  tests  the  legal  sufficiency  of  the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  *See Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732.  The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim."  *SmileCare Dental Grp. v. Delta Dental Plan of Cal.* (9th Cir. 1996) 88 F.3d 780, 783 (citation omitted).

The reviewing court need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal* (2009) 556 U.S. 662.  It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters* (1983) 459 U.S. 519, 526.  On the other hand, "[w]hen there are  well-pleaded  factual  allegations,  a  court  should  assume  their  veracity  and  then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal* 556 U.S. at 675.   The  court  only  reviews  the  contents  of  the  complaint,  accepting  all  factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *See al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949, 956 (citations omitted).

### B.     *MOTION FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]*

A Rule 12(e) motion for a more definite statement is proper where the complaint is so indefinite that a defendant cannot ascertain the nature of the claim being asserted. *Tempur-Pedic Int'l Inc. v. Angel Beds LLC* (SD TX 2012) 902 F.Supp.2d 958, 971 ("touchstone" is whether defendant can reasonably prepare a response); *Medrano v. Kern*

3

*County Sheriff's Officer* (ED CA 2013) 921 F.Supp.2d 1009, 1013. A Rule 12(e) motion is also proper "where allegations in a complaint are conclusory, confused, and unclear, but do not justify dismissal of the suit on the merits and without leave to amend." *Balderrama v. Pride Indus., Inc.* (WD TX 2013) 963 F.Supp.2d 646, 667 (internal quotes omitted). Thus, a Rule 12(e) motion is proper where a complaint fails to specify which of several defendants were responsible for numerous wrongs alleged. *See e.g., McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1174-1175.

## IV.

## ARGUMENT

### A.    THE COMPLAINT IS NOT PLAUSIBLE ON ITS FACE

The complaint fails to state sufficient facts to satisfy the plausibility requirement of FRCP 8(a).

### 1.    *Legal Standard for Plausibility.*

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must therefore provide a defendant with "fair notice" of the claims against it and the "grounds upon which [they] rest." *See Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555 (quotation and citation omitted). Further, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The purpose of the "fair notice" and "plausibility" requirements is "to prevent settlement extortion—using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Investment Mgmt. Inc.* (2nd Cir. 2013) 712 F.3d 705, 719; *Atieh v. Riordan* (1st Cir. 2013) 727 F.3d 73, 76 ("The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial"); *Twombly* 550 U.S. at 558-559; *see also Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953, 966 ("specificity of facts is warranted before permitting a case to proceed into costly

4

and protracted discovery in an antitrust case").

### 2.   *Cohen has Alleged an Illegal Commercial Bribery Scheme.*

Once the conclusory allegations in the Complaint are disregarded, what remains is a run of the mill commercial bribery scheme between Cohen and Mr. Perlmutter, absolving BKF of any liability.

California Penal Code § 641.3 defines commercial bribery as follows:

> Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery.

California Penal Code § 641.3(a)[1].

Here, the facts alleged in the complaint are that Cohen (an outsider to BKF) electronically transferred $200,000 in cash directly to Mr. Perlmutter (a director and officer of BKF).  In exchange, Mr. Perlmutter would award Cohen an "exclusive distributorship agreement for the sale of BKF's goods throughout Los Angeles County and Orange County," and issue to Cohen shares of BKF stock.  Thus, on the face of the Complaint, Cohen unwittingly admits a *prima facie* showing that he and Mr. Perlmutter committed commercial bribery in the amount of $200,000, a felony in California.

### 3.   *Commercial Bribery is the Obvious and Only Explanation for the Facts Alleged.*

The obvious and only explanation is that the alleged "promissory notes" and "corporate guarantees" attached as Exhibits 1 and 2 to the Complaint, are shams meant to conceal the true nature of the transaction as a bribery scheme.  At the outset, Cohen's entire premise as to why he purportedly structured the transaction as a "loan" to Mr.

---

[1]For the purposes of this section, "Employee" is defined as an officer, director, agent, trustee, partner, or employee, and "employer is defined as a corporation, association, organization, trust, partnership, or sole proprietorship.

**MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

1   Perlmutter secured with a "corporate guaranty" from BKF is logically flawed.  If Cohen

2   would not lend directly to BKF because he was "unwilling to make the loan to a newly

3   formed business" (because it did not have strong financials) (Complaint ¶ 11)[2], it makes

4   no sense that he *would* make the same loan to Mr. Perlmutter secured by a guarantee

5   from BKF.  By Cohen's own logic, if this were a legitimate transaction, the "loan" would

6   have been made to BKF, the money disbursed directly to BKF, with a *personal* guarantee

7   from Mr. Perlmutter, not the other way around as Cohen has alleged.  Thus, the obvious

8   and only explanation is that the loan documents were a sham to conceal Cohen's felony

9   bribery scheme).

10          The Exhibits to the Complaint (the "loan" and "guarantee" documents themselves)

11   only further reveal this alleged transaction to be a sham.  At the end of both Exhibits 1

12   and 2 to the Complaint are copies of envelopes with FedEx shipping labels.  *See* Exhibits

13   1 and 2 to the Complaint.  The implication clearly intended by Cohen is that the executed

14   promissory notes and corporate guarantees that preceded each respective envelope were

15   contained within each respective envelope, and shipped according to the information on

16   the labels.  Unfortunately for Cohen, those shipping labels contradict his story.  The first

17   shipping label (the last page of Exhibit 1) bears a date of June 17, 2013, and the second

18   shipping label (the last page of Exhibit 2) bears a date of June 13, 2013.  So, if Cohen's

19   story is now to be believed, he wired the first $100,000 to Mr. Perlmutter on February 4,

20   2013, but did not receive an executed note and guarantee until at least June 13, 2013.  In

21   light of Cohen's alleged need for security *before* agreeing to make the loan, the timing

22   simply makes no sense (unless of course, the loan documents were a sham to conceal

23   Cohen's felony bribery scheme).

24          Finally, the alleged mechanics of the two "loan" transactions (i.e., when the

25   "loans" were allegedly made and to be repaid) reveals them to be a sham.  Cohen alleges

26   that the first "loan" for $100,000 was made on February 4, 2013, and according to its

27
28
_____
[2] As set forth below, this allegation also eviscerates any claim by Cohen that he relied
upon BKF's financial condition in making the "loans."

**MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

terms (*See* Exhibit 1 to the Complaint), it was to be repaid on June 28, 2013.  Cohen then alleges that the second "loan" for $100,000 was made on June 11, 2013, and according to its terms (*See* Exhibit 2 to the Complaint), it was to be repaid on July 11, 2013, just ***thirteen*** days after the first "loan" was originally due to be repaid.

However, in light of Cohen's allegation that he demanded repayment of the first "loan" as a condition of making the second, it makes no sense that the first "loan" would have been repaid three weeks early in exchange for a second "loan" of the exact same amount of money, due to be paid less than two weeks after the first "loan" would have otherwise become due.  In other words, it makes no sense that there would have been two separate "loan" transactions simply to extend the due date of the first "loan" by less than two weeks (unless of course, the loan documents were a sham to conceal Cohen's felony bribery scheme).

Thus, once the conclusory allegations of the Complaint are disregarded, the obvious and indeed only explanation that fits the *facts* alleged is that Cohen was engaged in a commercial bribery scheme to obtain benefits from BKF in the form of an exclusive distribution agreement and shares of BKF stock.  Whether or not pursuing BKF on the purported corporate guarantees was part of that scheme from the beginning, since the Cohen admits to participating in an illegal scheme against BKF, he certainly cannot recover against it.

## B.   COHEN FAILS TO PLEAD FRAUD WITH THE REQUISITE PARTICULARITY

The Complaint is fatally defective because it fails to satisfy the FRCP 9(b) particularity requirement for averring fraud with particularity.

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity."  FRCP 9(b); *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022-1023 (fraud must be pled "with a high degree of meticulousness").  With respect to state law fraud claims, each element must be alleged with particularity as required by FRCP 9(b).  *Vess v. Ciba-Geigy Corp. USA* (9th Cir.

2003) 317 F.3d 1097, 1103.  Further, by its terms, Rule 9(b) applies to all allegations of fraud, not just claims of fraud.  *Borsellino v. Goldman Sachs Group, Inc.* (7th Cir. 2007) 477 F.3d 502, 507; *Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F.3d 1120, 1125-1126.

Allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b).  *Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531, 540.  Thus, Rule 9(b) requires that "the who, what, when, and where must be laid out" for each element of a fraud claim.  *See e.g., Williams v. WMX Technologies, Inc.* (5th Cir. 1997) 112 F3d 175, 178.  Where several defendants are sued in connection with an alleged fraudulent scheme, plaintiffs must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764-765 (emphasis added).  When fraud has allegedly been perpetrated by a corporation, the complaint "must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities."  *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.* (CD CA 2015) __ F.Supp.3d __ , __ (2015 WL 4606077, *9).  Allegations that "everyone did everything" justify dismissal of the complaint.  *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, 958.

Here, Cohen has failed to satisfy the Rule 9(b) particularity requirements because he has failed to plead allegations and elements of fraud with particularity as to each defendant.  Although the Complaint contains multiple causes of action, each is based on the general allegations which allege a fraudulent course of conduct.  Further, the first cause of action for fraud is incorporated by reference into each and every other cause of action in the Complaint.  Thus, Rule 9(b) requires that the entire Complaint be pleaded with particularity.  This, however, was not done.

The entire Complaint is vague and overgeneralized.  In particular, Cohen fails to state the who, what, when, and where, for any of the alleged misrepresentations.  It is not even clear what *are* the misrepresentations supporting the fraud claim.  Further, Cohen impermissibly lumps Mr. Perlmutter and BKF together, and fails to make it clear if or

8

1   when Mr. Perlmutter is alleged to have acted individually or on behalf of BKF.

2        Thus, Cohen has failed to satisfy the particularity requirements of Rule 9(b).

3   *C.*    ***THE FIRST CAUSE OF ACTION FOR FRAUD FAILS TO STATE***

4          ***FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION***

5        Assuming *arguendo* that the alleged transaction was not an illegal sham, the first

6   cause of action for Fraud nonetheless fails to state facts sufficient to constitute a cause of

7   action against BKF.

8          *1.*    <u>*As a Matter of Law Mr. Perlmutter had no Authority to Act on*</u>

9          <u>*Behalf of BKF.*</u>

10        As a corporation, BKF can only be liable for the misrepresentations of those with

11   authority to act on its behalf.  However, California law has made it clear that under the

12   alleged facts of this case (i.e. a corporate officer or director receiving a personal benefit

13   secured by a corporate guarantee) there can be no authority to bind the corporation as a

14   matter of law.  *See Saks v. Charity Mission Baptist Church* (2001) 90 Cal.App.4th 1116,

15   1121 ("where an officer of a corporation is openly using the corporation to obtain a

16   benefit for himself…the other parties to the transaction cannot later seek to hold the

17   corporation liable for his actions."); *Meyer v. Glenmoor Homes, Inc.* (1966) 246

18   Cal.App.2d 242, 261 ("The officers of a corporation have no power to authorize the

19   execution of a note as surety for another in respect to a matter having no relation to the

20   corporate business…and a party receiving such note…cannot recover on it."); *Hall v.*

21   *Auburn Turnpike Co.* (1865) 27 Cal. 255, 257; s*ee also* California Corporations Code §

22   315 (generally prohibiting corporations from guaranteeing obligations of directors or

23   officers).  Even assuming *arguendo* that it was legally possible for Mr. Perlmutter to have

24   authority to act on behalf of BKF, Cohen has failed to allege any such authority with the

25   requisite particularity.

26          *2.*    <u>*Cohen has not Alleged any Actionable Misrepresentations.*</u>

27        A necessary element of fraud is an *actionable* misrepresentation.  However,

28   statements of *opinion* are not actionable.  *See Padgett v. Phariss* (1997) 54 Cal.App.4th

9

1270, 1284.  A representation is one of opinion "if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment."  Rest.2d, Torts §538A.

Here, Cohen appears to allege two separate misrepresentations.  The first, allegedly made to induce Cohen to make the first "loan," that "Issy and BKF are in strong financial health."  Complaint ¶ 18.  The second, allegedly made to induce Cohen to make the second "loan," that "the First Loan will be timely repaid and that BKF and ISSY have the financial ability to repay the Second loan."  Complaint ¶ 19.  Both of these statements are those of opinion, and not concrete facts, as they clearly are based on Mr. Perlmutter's subjective belief as to what constitutes "strong financial health" or the "ability" to timely repay a loan.

### 3. *Cohen's Fraud Claim Against BKF is Barred by the Statute of Frauds.*

There is a second reason why Cohen has failed to allege any actionable misrepresentations against BKF, namely, the Statute of Frauds.  Under the Statute of Frauds of California, a *writing* is necessary to charge a person "upon a representation as to the credit of a third person."  California Code of Civil Procedure § 1974; *see Carr v. Tatum* (1933) 133 Cal.App. 274, 277.  Thus, "[w]here the primary purpose in making the representation is to procure credit for another, the representation comes within the purview of the statute even though in making it the person also makes false representations concerning himself or derives an incidental benefit therefrom."  *Grant v. U. S. Elecs. Corp.* (1954) 125 Cal.App.2d 193, 198.

Here, the Statute of Frauds is directly applicable because Cohen is attempting to charge BKF with representations made to Cohen by Mr. Perlmutter regarding BKF's creditworthiness for the purpose of procuring credit for Mr. Perlmutter.  Thus, under the California Code of Civil Procedure § 1974, any alleged oral representations made by Mr. Perlmutter regarding either his, or BKF's financial condition, ability, or intention to repay either of the "loans" cannot be charged against BKF, and the statute serves as a complete

bar to this action against BKF.

### 4.    *Cohen cannot Allege Reasonable Reliance.*

Another necessary element of fraud is reasonable reliance.  Thus, where the circumstances are such as to make it unreasonable for plaintiff to accept the defendant's statements without an independent inquiry or investigation, no action for misrepresentation will lie.  *Kahn v. Lischner* (1954) 128 Cal.App.2d 480, 489.

Here, Cohen has alleged sufficient facts to make it objectively unreasonable for him to have relied upon any statements regarding BKF's creditworthiness.  Since Cohen has already alleged that he refused loan BKF money because BKF was a new company, and as such was not creditworthy in his opinion, he cannot also allege that he relied upon representations of BKF's creditworthiness in deciding to make a loan to Mr. Perlmutter *secured* by a corporate guaranty of BKF.  The two allegations are directly contradictory.  By his own allegations, Cohen did not believe that BKF was in "good financial health," otherwise he would have loaned the money directly to BKF.  Accordingly, Cohen cannot now also claim that he relied upon representations that BKF *was* creditworthy as inducement to make the "loans."

### D.    *THE FIFTH AND TENTH CAUSES OF ACTION FOR BREACH OF CORPORATE GUARANTY FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION*

Assuming *arguendo* that the alleged transaction was not an illegal sham, the fifth and tenth causes of action for Breach of Corporate Guaranty nonetheless fail to state facts sufficient to constitute causes of action against BKF because as a matter of law, Mr. Perlmutter lacked the authority to bind BKF, and on the face of the Complaint both guarantees were a sham.  Further, these causes of action lack the requisite particularity required under state law.

As stated above, BKF cannot be bound by any alleged corporate guaranty if Mr. Perlmutter did not have the authority to act on its behalf.  Likewise, as discussed above, as a matter of law, Mr. Perlmutter could not have had such authority under the

circumstances alleged.  As a corollary, since Cohen has admitted to participating in an illegal scheme, any consideration for the guarantees fails and they are void *ab initio*.

Further, on the face of the Complaint, the two "corporate guarantees" are a sham because as alleged the debtor and principal obligor are the same.  "A guaranty is an unenforceable sham where the guarantor is the principal obligor on the debt.  This is the case where either (1) the guarantor personally executes underlying loan agreements or a deed of trust, or (2) the guarantor is, in reality, the principal obligor under a different name by operation of trust or corporate law or some other applicable legal principle." *CADC/RAD Venture 2011-1 LLC v. Bradley* (2015) 235 Cal.App.4th 776, 786–87.  Here, the "corporate guarantees" are a sham because they were personally executed by the same person who was also the purported debtor – Mr. Perlmutter.

Finally, these causes of action have not been alleged with the requisite particularity.  California law requires that a complaint in an action on a suretyship obligation shows the primary obligation of the principal debtor corresponding to the obligation of the surety, the execution and delivery of the undertaking or guaranty, the default of the principal, the failure of the defendant to pay or perform the obligation, and the plaintiff's damages. *See Stephens v. Daugherty*, (1917) 33 Cal.App. 733.  Essential matters *must* be pleaded by direct averment, not by inference, and a complaint may be rendered demurrable for ambiguity and uncertainty. *Hege v. Worthington, Park & Worthington* (1962) 209 Cal.App.2d 670.  Here, Cohen has only made the most conclusory of allegations with respect to the alleged breaches of the guarantees.  Thus, he has failed to allege these causes of action with the requisite particularity.

### E.  THE SIXTH AND ELEVENTH CAUSES OF ACTION FOR RESTITUTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

Assuming *arguendo* that the alleged transaction was not an illegal sham, the sixth and eleventh causes of action for Restitution nonetheless fail to state facts sufficient to constitute causes of action against BKF because "restitution" is a remedy, not a cause of

action.  Further, since Cohen has alleged a valid express contract, and Cohen has failed to allege that BKF received any cash from Cohen, he has failed to otherwise state a quasi-contract claim.

"A 'cause of action' must be distinguished from the remedy sought: The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."  *Marlin v. Aimco Venezia, LLC* (2007) 64 Cal.Rptr.3d 488, 494.  When a complaint pleads a remedy as a cause of action, that "cause of action" is properly attacked by way of a motion to dismiss pursuant to FRCP 12(b)(6).  *See Bridgeman v. United States* (ED CAL 2011) 2:10-CV-01457 JAM, 2011, WL 221639.

Cohen's sixth and eleventh causes of action are for "restitution."  However, "there is no cause of action in California for unjust enrichment… [which] is synonymous with restitution."  *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370.  Further, since Cohen has alleged express contracts between himself and BKF – namely the corporate guarantees – he cannot also proceed in general assumpsit.  Further, Cohen has failed to even allege that *BKF* received any cash from *Cohen*.  Indeed, Cohen alleges that he refused to give any cash to BKF, and instead gave it to Mr. Perlmutter.  Thus, Cohen has not, and cannot allege that BKF was unjustly enriched *by* Cohen.

## F.   IN THE ALTERNATIVE COHEN SHOULD BE ORDERED TO SERVE A MORE DEFINITE STATEMENT

Should the Court not be inclined to grant this Motion under FRCP 12(b)(6), it is respectfully requested that the Court order Cohen to file a more definite statement so that BKF may determine the claims against it and prepare a response.

## V.

## CONCLUSION

For the reasons stated herein, BKF respectfully requests that the Court grant this motion without leave to amend or order Cohen to file a more definite complaint.

13

1

Dated: May 25, 2016

SCHWIMER WEINSTEIN
By:  /S/ Michael E. Schwimer
MICHAEL E. SCHWIMER

Attorney(s) for Defendant(s)
BIRDSBORO KOSHER FARMS CORP.

**MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 2665 Main St., Suite 200, Santa Monica, CA 90405.

On May 25, 2016, I served the foregoing documents described as MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND [PROPOSED] ORDER THEREON on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**Attorney(s) for Plaintiff**
**YORAM COHEN**
**Robin Mashal**
**Century City Law Group, APC**
1875 Century Park East, 6th Fl.
Los Angeles, CA 90067
P: 310.286.2000
F: 310.286.2525
E: robin@centurylawyer.com

## Electronic Service List

**The following are those who are currently on the list to receive e-mail notices for this case.**

**FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 25, 2016, at Santa Monica, California.

/S/ Michael E. Schwimer
MICHAEL E. SCHWIMER.

**PROOF OF SERVICE**