1  Robin Mashal  (California State Bar No. 205003)
2  **CENTURY CITY LAW GROUP**
   **A PROFESSIONAL CORPORATION**
3  1875 Century Park East, Sixth Floor
4  Los Angeles, California 90067-2507
   Telephone:  (310) 286-2000
5  Facsimile:   (310) 286-2525
6
7  Counsel for Plaintiff, Yoram Cohen
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        LOS ANGELES DIVISION
11

| | |
|---|---|
| YORAM COHEN, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BIRDSBORO KOSHER FARMS<br>CORP., a Pennsylvania Corporation,<br><br>    Defendants. | Case No.:  2:16-cv-02958-PSG (JPRx)<br><br>Assigned to Hon. Phillip S. Gutierrez and Hon. Jean P. Rosenbluth<br><br>**OPPOSITION TO DEFENDANT BIRDSBORO KOSHER FARMS CORP.'S MOTION TO DISMISS AND MOTION FOR MORE DEFINITIVE STATEMENTS; MEMORANDUM OF POINTS AND AUTHOERITIES; DECLARATION OF ROBIN MASHAL; EXHIBITS**<br><br>[*Fed. R. Civ. Proc.* 12(b)(6) and 12(e)]<br><br>Date:      07/25/2016<br>Time:      1:30 p.m.<br>Room:     880<br>Location:  Roybal Courthouse<br>              255 East Temple Street<br>              Los Angeles, CA 90012 |

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

I.  INTRODUCTION. ...................................................................................1

II. APPLICABLE LEGAL STANDARDS.................................................3

  A.  Standard of Review for 12(b)(6) Motions. ........................................3

  B.  Standard of Review for 12(e) Motions. .............................................4

III.LEGAL ANALYSIS.................................................................................5

  A.  BKF Failed to Properly Meet and Confer prior to Bringing the Instant
      12(b)(6) and 12(e) Motions...............................................................5

  B.  BKF Improperly Advances Fictional Theories About "Commercial Bribery"
      in Contradiction of Clearly Pleaded Facts, and Despite Having Received
      Evidence to the Contrary....................................................................6

  C.  The Complaint Allegations and Contents of Attached Exhibits Surpass the
      Requirements for Pleading Fraud. .....................................................7

    1. The Complaint and Attached Exhibits Clearly Answer BKF's Questions on
       "Who, What, Where and When."......................................................7

    2. Representations and Warranties of Financial Strength and of Timely Loan
       Repayment, in the Context of Obtaining a Loan are Actionable
       Misrepresentation...........................................................................9

    3. Cohen's Reliance on BKF's Representations and Warranties was
       Reasonable. ..................................................................................10

  D.  The Fifth and Tenth Causes of Action for Corporate Guaranty Properly State
      Causes of Action. ............................................................................10

  E.  The Sixth and Eleventh Causes of Action Properly State Causes of Action
      for Quasi-Contract Recovery. ..........................................................12

IV. CONCLUSION. .....................................................................................13

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

# **TABLE OF AUTHORITIES**

**Cases**

*Alliance Mtg. Co. v. Rothwell*, 10 Cal. 4th 1226 (1995) ..........................................10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................4

*CACD/RAD Venture 2001-1 LLC v. Bradley*, 235 Cal. App. 4th 775 (2015) .........11

*Conley v. Gibson*, 355 U.S. 41 (1957) ......................................................................4

*Doe v. United States,* 419 F.3d 1058 (9th Cir. 2005) ...............................................3

*Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083 (9th Cir. 1998) ...................3, 10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997)....................................3

*Khasin v. Hershey Co.*, 5:12–cv–01862-EJD, 2012 WL 5471153, at *9 (N.D. Cal. Nov. 9, 2012).........................................................................................................12

*Klein v. Chevron U.S.A., Inc*., 202 Cal. App. 4th 1342  (2012)...............................12

*Lazar v. Superior Court*, 12 Cal. 4th 631 (1996) ......................................................9

*Leatherman v. Tarrant Cty. Narc. Intel. & Coord. Unit*, 507 U.S. 163 (1993)........4

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .........................................................4

*Mariani v.* Schonfeld, 126 Cal. App. 2d 187 (1954) .................................................9

*McBride v. Boughton*, 123 Cal. App. 4th 379 (2004) ..............................................12

*Moore v. Kayport Pckg. Express*, 885 F.2d 531 (9th Cir. 1989) ...............................4

*Moya v. Northrup*, 10 Cal. App. 3d 276 (1970).......................................................12

*Pike v. Zadik*, 171 Cal. 273 (1915).........................................................................12

*Quelimane Co., Inc. v. Stewart Title Guar. Co*., 19 Cal. 4th 26 (1998) .................12

*Rutherford Holdings, LLC v. Plaza del Rey*, 223 Cal. App. 4th 221 (2014).........12

*Sagan v. Apple Comp., Inc*., 874 F. Supp. 1072 (C.D. Cal. 1994)............................5

*Saunders v. Cariss*, 224 Cal. App. 3d 905 (1990) ..................................................12

*Self Directed Pl. Corp. v. Control Data Corp.*, 908 F.2d 462 (9th Cir. 1990).........5

*Whiteley v. Philip Morris, Inc*., 117 Cal. App. 4th 635 (2004) ..............................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

*Cal. Civ. Code* § 1710 ...................................................................................9

*Cal. Code Civ. Proc.* § 452 .............................................................................3

*Cal. Pen. Code* § 641.3 ..................................................................................7

**Court Rules**

*Fed. R. Civ. Proc.* 12(b)(6) .............................................................3, 5, 12, 13

*Fed. R. Civ. Proc.* 12(e) ......................................................................4, 5, 13

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

The instant motion, brought by Birdsboro Kosher Farms Corp. ("BKF"), is a waste of the Court's time and resources.  BKF knows all too well it owes loans in the principal amounts of $200,000 to Plaintiff Yoram Cohen ("Cohen").

Cohen is in the business of selling Kosher meat.  BKF is a business that slaughters and processes Kosher meat.  In January 2013, defendants BKF and Isaac Perlmutter ("ISSY"), BKF's Chief Executive Officer, approached Cohen saying BKF needs a $100,000 short term loan (the "First Loan"), based on which BKF would provide Cohen an exclusive distributorship agreement for the sale of BKF's goods (i.e., Kosher meat) in Los Angeles County and Orange County, California.  *Cmplt.* ¶10.  The parties agreed that ISSY would sign the promissory note for the loan, and BKF would sign corporate guaranty for the loan.  *Cmplt.* ¶11.  The parties agreed that Cohen will hold 15% of BKF's share of stock as collateral ("Collateral") for repayment of the loan.  *Cmplt.* ¶11.  In order to induce Cohen to extent this loan, ISSY and BKF represented to Cohen that ISSY and BKF are in strong financial health.  *Cmplt.* ¶11.  Cohen relied on ISSY and BKF's representations in agreeing to make the First Loan.  *Cmplt.* ¶11.  ISSY and BKF signed the Secured Promissory Note and Corporate Guaranty (the "First Loan Agreements") on or about February 4, 2013.  *Cmplt.* ¶12 and **Exhibit 1**.  Based on the defendants' instructions to Cohen, Cohen transmitted $100,000 in loan funds via wire transfer to ISSY's account. [1]  On or about February 4, 2013, BKF signed an Exclusive Distributorship Agreement in favor of Cohen.  *Cmplt.* ¶13.

---

[1]     As recited in the promissory notes, Cohen borrowed money at 4.50% interest rate, and loaned it to BKF at the same 4.50% interest rate.  *See* Complaint's **Exhibit 1** ("page 2 of 5") and **Exhibit 2** ("page 2 of 5").

-1-

In June 2013, defendants again approached Cohen for an additional $100,000 short-term loan (the "Second Loan"). *Cmplt.*¶14. ISSY and BKF issued BKF's check number 1013 in the amount of $100,000 ("Check 1013") and delivered it to Cohen for repayment of the First Loan's principal balance. *Cmplt.* ¶14. ISSY and BKF assured Cohen that the First Loan will be timely repaid and that BKF and ISSY have the financial ability to repay the Second Loan. *Cmplt.* ¶14. Cohen relied on ISSY and BKF's representations in agreeing to make the Second Loan. *Cmplt.* ¶14. On or about June 11, 2013, ISSY and BKF signed a Secured Promissory Note and Corporate Guaranty (the "Second Loan Agreements"). *Cmplt.* ¶12 and **Exhibit 2**. BKF received consideration for its corporate guaranties, as the First Loan and Second Loan funds were intended for BKF's benefit.[2] In fact, based on defendants' instructions, Cohen sent the $100,000 in loan funds via checks made payable to BKF, which checks were negotiated by BKF at its bank.[3]

Cohen never received Collateral for the loans. *Cmplt.* ¶21. Cohen was never repaid on the First Loan or the Second Loan. *Cmplt.* ¶¶28, 43, 53 and 68. Cohen deposited Check 1013, but the check was returned to Cohen unpaid with the notation "Closed Account, Do Not Re-Deposit." *Cmplt.* ¶16.

---

[2]     As recited in each promissory note and in each corporate guaranty form, the loans were intended for BKF. *See*, Complaint's **Exhibit 1** ("page 2 of 5" and "page 3 of 5"), **Exhibit 2** ("page 2 of 5" and "page 3 of 5").

[3]     Prior to BKF filing the instant motion, Cohen's counsel sent a letter to BKF's counsel and once again explained these facts, and provided supporting documents. Apparently, BKF is more interested in clogging up this Court's calendar with such motions than to work on a resolution. See, *Mashal Decl.* and "**Exhibit F**".

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

After several attempts to informally resolve these issues, Cohen filed action in the Los Angeles Superior Court ("LASC"). Cohen took default of BKF and ISSY in the LASC action, and obtained default judgment against both of them. *Mashal Decl.* ¶¶ 3-4 and **Exhibit A** and **Exhibit B**. BKF brought motion to set aside default judgment and the LASC granted that motion. *Mashal Decl.* ¶ 5 and **Exhibit C**. The judgment stands unchanged as to ISSY. BKF removed the LASC action to this Court on or about April 29, 2016.

## II. APPLICABLE LEGAL STANDARDS.

### A. *Standard of Review for 12(b)(6) Motions.*

Motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal citation omitted).

In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in the plaintiff's favor. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). In ruling on a demurrer, all allegations in the complaint "must be liberally construed, with a view to substantial justice between the parties." *Cal. Code Civ. Proc.* § 452. Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v.*

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis supplied). Regarding the "no set of facts" test, the Supreme Court has clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544, 563 (2007).

If the Court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Pckg. Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### B.     *Standard of Review for 12(e) Motions.*

The Federal Rules of Civil Procedure are premised on a "liberal system of 'notice pleadings.'" *Leatherman v. Tarrant Cty. Narc. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that the Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 78 (1957).

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Comp., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff need only "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Pl. Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Sagan*, 874 F. Supp. at 1077.

## III. LEGAL ANALYSIS.

### A. *BKF Failed to Properly Meet and Confer prior to Bringing the Instant 12(b)(6) and 12(e) Motions.*

In the afternoon of Friday, May 6, 2016, BKF's counsel sent an e-mail to Cohen's counsel saying BKF intends to file its 12(b) and 12(e) motions, but counsel's e-mail provided no explanation of any grounds for such motions. *Mashal Decl*. ¶ 6 and **Exhibit D**. Cohen's counsel replied by e-mail to meet and confer concerning remanding the action to the Los Angeles Superior Court, and also informed BKF counsel that his e-mail does not provide any grounds for a 12(b) or 12(e) motion. *Mashal Decl*. ¶ 6 and **Exhibit E**.

At approximately 4:00 p.m. that Friday afternoon, BKF's counsel telephoned Cohen's counsel. Cohen's counsel asked BKF's counsel to provide a written summary of the argument behind the proposed 12(b) and 12(e) motions. BKF's counsel said that afternoon was the deadline for BKF to file its motions and therefore, there is no time. Cohen's counsel and BKF's counsel agreed to stipulated to a mutual time extension, which will allow BKF's counsel to properly meet and confer. *Mashal Decl*. ¶7. The parties entered stipulation, which stipulation and proposed order were filed in this action, identified as Document

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

numbers 7 and 7-1, respectively.

On May 25, 2016, Cohen's counsel sent letter to BKF's counsel to further meet and confer regarding remanding this action to the Los Angeles Superior Court, and also provided BKF's counsel evidence that $100,000 of Cohen's loans were paid by checks directly paid to BKF. *Mashal Decl.* ¶8 and **Exhibit F**. A few hours later, BKF's counsel filed the instant motion without meet and conferring.

Therefore, the instant motions should be dismissed for BKF's failure to properly meet and confer.

**B.    BKF Improperly Advances Fictional Theories About "Commercial Bribery" in Contradiction of Clearly Pleaded Facts, and Despite Having Received Evidence to the Contrary.**

The loan documents attached to Cohen's complaint as **Exhibit 1** and **Exhibit 2** clearly indicate that the loan funds were intended for BKF's benefit. It is unclear why BKF's motion herein overlooks prominently recited facts in the Cohen's complaint and attached Exhibits, and instead, tries to replace them with fictional fact patterns. Each of the two secured promissory notes clearly recite that the moneys loaned by Cohen were intended for BKF. The last paragraph in each promissory note states:  "*BKF is a newly formed corporation in need of a loan*, and Maker is a major shareholder of BKF."  (emphasis supplied).  Furthermore, looking at the very first paragraph of each corporate guaranty form, this language stands out:

> "WHEREAS, Isaac Perlmutter ("Maker") wishes to borrow money from Yoram Cohen ("Holder") pursuant to the foregoing Secured Promissory Note … (the "Note") and Maker *intends to make that money available to Birdsboro Kosher Farms Corporation*, a Pennsylvania Corporation, …" (emphasis supplied).

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

Despite clear recitals in **Exhibit 1** and **Exhibit 2** attached to Cohen's Complaint, and despite having received evidence from Cohen's counsel (see *Mashal Decl*. and **Exhibit F**), clearly showing BKF received the loan funds from Cohen, BKF filed the instant motion and advanced meritless arguments such as references to Section 641.3 of the *California Penal Code*. [4]

Under the circumstances, BKF's arguments concerning "commercial bribery" and "felony bribery" are clearly false and misleading. However, BKF does not stop there. BKF's moving papers repeat this baseless "bribery" argument no less than *15 times*, and BKF goes on to promote this as the "*only explanation*" for loans extended by Cohen. *Moving Papers*, 5:22, 6:8, and 7:14. Such patently meritless arguments by BKF push the limits of ethical conduct.

## C.   The Complaint Allegations and Contents of Attached Exhibits Surpass the Requirements for Pleading Fraud.

Contrary to BKF's contention, the Complaint and attached exhibits detail all relevant facts with the required specificity.

### 1.   The Complaint and Attached Exhibits Clearly Answer BKF's Questions on "Who, What, Where and When."

Cohen's Complaint allegations and the attached exhibits answer the "who, what, when and where" questions raised in the moving papers.

(a)   <u>Who</u>: There is no question as to the identity of parties who made representations to Cohen. The Complaint alleges that "representations by ISSY were made both in his personal capacity and in ISSY's capacity as the authorized representative of BKF." *Cmplt*. ¶ 9. The written loan documents are

---

[4]   California law frowns upon threats of criminal prosecution made in order to obtain an advantage in a civil dispute.

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

attached to Cohen's Complaint as **Exhibit 1** and **Exhibit 2**, respectively.  On the last page of each corporate guaranty form, the name of "BIRDSBORO KOSHER FARMS CORP." is typed, below which it is signed by "Isaac Perlmutter" as its "Chief Executive Officer."  Furthermore, Paragraph 8 of each corporate guaranty contains a "Warranty of Authority" clause:

> "Guarantor *represents and warrants* that Guarantor has the corporate power to enter into this corporate guaranty and to carry out its obligations hereunder. The execution and delivery of this corporate guaranty and the performance of the Guarantor's obligations hereunder have been *duly authorized* by the *Board of Directors* of the Guarantor, and *no other corporate proceedings on the part of the Guarantor are necessary to authorize such execution, delivery and performance*.  This corporate guaranty has been *duly executed* by the Guarantor and is the legal, valid and binding obligation of the Guarantor, ..."  (emphasis supplied).

       (b)   <u>What</u>:  The Complaint alleges that "representations by ISSY were made both in his personal capacity and in ISSY's capacity as the authorized representative of BKF." *Cmplt*. ¶ 9.  Furthermore, the Complaint alleges that "In order to induce Plaintiff to make this loan, ISSY and BKF *represented* to Plaintiff that ISSY and BKF are in *strong financial health*." *Cmplt*. ¶ 18 (emphasis supplied).  Additionally, the Complaint alleges that BKF and ISSY, in the context of obtaining Second Loan, "*assured* Plaintiff that the First Loan will be *timely repaid* and that BKF and ISSY have the *financial ability* to repay the Second Loan." *Cmplt*. ¶ 19.  Each of the two secured promissory notes, on their second page and just above their signature lines, provide: "The Maker hereby *represents and warrants* to Holder that Maker is currently in *strong*

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

*financial health*." (emphasis supplied).  These representations and warranties of financial health, made in the context of obtaining loans from Cohen, were clearly made to induce Cohen to extend the loans.

(c)  <u>When</u>:  The Complaint alleges ISSY and BKF approached Cohen and made representations in January 2013 (before the First Loan), and again in June 2013 (before the Second Loan).  *Cmplt*. ¶¶ 10 and 12. Furthermore, the written representations contained in loan documents are attached to the Complaint as **Exhibit 1** and **Exhibit 2**, and they are clearly dated February 4, 2013 and June 11, 2013, respectively.[5]

(d)  <u>Where</u>:  Each set of the loan documents provide that they were executed at Birdsboro, Pennsylvania.

2.  **Representations and Warranties of Financial Strength and of Timely Loan Repayment, in the Context of Obtaining a Loan are Actionable Misrepresentation.**

A false statement of operation of business to show profit where the actual records showed a loss is actionable misrepresentation.  *Mariani v. Schonfeld*, 126 Cal. App. 2d 187, 189 (1954).  A promise to do something necessarily implies the intention to perform, and where that intention is absent, there is an implied misrepresentation of fact, which is actionable fraud.  *Cal. Civ. Code* § 1710(4); *Lazar v. Superior Court*, 12 Cal. 4th 631 (1996).  Here, BKF's representations and warranties of strong financial health, and that loan will be timely repaid, made in context of obtaining a loan, are all actionable misrepresentation.

---

[5]  BKF attempts to confuse the facts based on the dates of the FedEx shipping labels.  The loan documents were first delivered by facsimile, and subsequently the original ink signatures were delivered by FedEx delivery.

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.        2:16-cv-02958-PSG (JPRx)

### 3.      Cohen's   Reliance   on   BKF's   Representations   and   Warranties was Reasonable.

"Negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional rather than negligent. Nor is a plaintiff held to the standard of precaution or of minimum knowledge of a hypothetical, reasonable man." *Whiteley v. Philip Morris, Inc*., 117 Cal. App. 4th 635, 684 (2004) (internal citations omitted). "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Alliance Mtg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (internal citations omitted).

Here, BKF's moving papers attempt to twist the Complaint allegations to argue against justifiable reliance.  Cohen's Complaint never alleges he did not believe BKF is in good financial health, but that Cohen was not inclined to make loans to a newly formed business.   The difference is *length* of business existence/history as opposed to financial *strength*.  Cohen's reliance on the BKF's representations and warranties was justified.

As detailed above, all fraud elements have been alleged with specificity. The other arguments BKF attempts to raise, are aimed at disputing sufficiency of evidence, which arguments do not belong in a Rule 12 motion.  *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).

### D.      *The Fifth and Tenth Causes of Action for Corporate Guaranty Properly State Causes of Action.*

Cohen's Complaint details the factual background behind the corporate guaranty forms. *Cmplt*. ¶¶ 3:20-4:17.  The executed corporate guaranty forms are attached to Cohen's Complaint within **Exhibit 1** and **Exhibit 2**, which forms meet

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

the statute of frauds requirements.   As detailed under Section III.B., *supra*, Cohen's loan funds were intended for BKF, and BKF did in fact receive them.  As detailed under Section III.C.1.a., *supra*, each corporate guaranty form is executed by its Chief Executive Officer, and each corporate guaranty form contains BKF's representations and warranties as to the corporate authority behind its execution.

Furthermore, Paragraph 4 in each of the corporate guaranty forms provides, in pertinent parts:

> "Waivers – To the maximum extent permitted by law, Guarantor hereby waives (a) all rights to require Holder to proceed against Maker or proceed against, enforce or exhaust any security for the Obligations or to marshall assets or to pursue any other remedy in Holder's power whatsoever; (b) all defenses arising by reason of any disability or other defense of Maker, …; (c) all presentments, demands for performance, notices of nonperformance, …; (d) all conditions precedent to the effectiveness of this Guaranty; ..."

Ironically, BKF's moving papers advance two contradictory arguments with respect to the corporate guaranties.  First, BKF argues that ISSY did not have corporate authority to sign corporate guaranty forms on behalf of BKF.  *Moving Pagers* 11:20-27.   Then, BKF cites to *CACD/RAD Venture 2001-1 LLC v. Bradley*, 235 Cal. App. 4th 775 (2015), to argue that the corporate guaranties were shams, because corporate guaranties and promissory notes were all signed by ISSY.  *Moving Papers* 12:3-11.

*Bradley* stands for the proposition that if an individual is the *alter ego* of a corporation, then when the individual signs loan documents on behalf of that corporate borrower, the individual can be treated as the primary obligor for the loan. *Bradley*, 235 Cal. App. 4th at 788.  If BKF is in fact ISSY's *alter ego*, then

why is BKF insisting on proper corporate authority for ISSY to sign documents on behalf of BKF?  On the other hand, if the BKF is a bona fide corporate entity— and not ISSY's *alter ego*—then how would ISSY's executing promissory notes in his personal capacity and his executing corporate guaranty forms in his capacity as the Chief Executive Officer raise any issues to be considered in this 12(b)(6) motion?

> **E.     The Sixth and Eleventh Causes of Action Properly State Causes of Action for Quasi-Contract Recovery.**

If the essential facts of some valid cause of action are alleged, the complaint is good against a general demurrer.  *Quelimane Co., Inc. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 38-39 (1998).  "Erroneous or confusing labels attached by the inept pleader are to be ignored if the complaint pleads facts which would entitle the plaintiff to relief." *Saunders v. Cariss*, 224 Cal. App. 3d 905, 908 (1990). Where complaints allege cause of action for "unjust enrichment" courts have construed them as a quasi-contract claims seeking restitution.  *See, e.g., Rutherford Holdings, LLC v. Plaza del Rey*, 223 Cal. App. 4th 221, 231 (2014); *Khasin v. Hershey Co.*, 5:12–cv–01862-EJD, 2012 WL 5471153, at *9 (N.D. Cal. Nov. 9, 2012).  A claim for restitution is permitted even if the party inconsistently pleads a breach of contract claim that alleges the existence of an enforceable agreement.  *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012). "[R]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004).  Common counts do not require fact specific pleading and survive both general and specific demurrer.  *See*, *Pike v. Zadik*, 171 Cal. 273 (1915); *Moya v. Northrup*, 10 Cal. App. 3d 276 (1970).

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

Here, BKF clearly has received and enjoyed Cohen's funds.  Cohen is entitled to recover his damages by alternatively pleadings breach of contract, quasi-contract theories (such as money lent, or money paid and expended).

## IV.     CONCLUSION.

For the foregoing reasons, Cohen respectfully requests this Court to deny BKF's 12(b)(6) and 12(e) motions in their entirety, or in the alternative grant leave to amend.

Dated:   July 1, 2016                     **CENTURY CITY LAW GROUP,**
                                          **A PROFESSIONAL CORPORATION**

                                          By:  _____*/s/ Robin Mashal*_____
                                                Robin Mashal
                                                Counsel for Plaintiff
                                                YORAM COHEN

**CENTURY CITY LAW GROUP**
A PROFESSIONAL CORPORATION

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

**DECLARATION OF ROBIN MASHAL**

I, Robin Mashal, declare and state as follows:

1.      I am the attorney of record for plaintiff YORAM COHEN ("Plaintiff"), the plaintiff in this action.

2.      I have personal knowledge of the facts stated herein.

3.      The above entitled action was filed in the Los Angeles Superior Court ("LASC") on August 13, 2014, naming BIRDSBORO KOSHER FARMS CORP. ("BKF") and ISAAC PERLMUTTER ("ISSY") as defendants.

4.      On March 6, 2015, the Clerk of LASC entered default against BKF and ISSY, and on August 26, 2015, the Honorable Judge Holly E. Kendig, sitting in Dept. 42 of the LASC entered default judgment against BKF and ISSY.  True copies of entry of default and entry of default judgment are attached hereto as "**Exhibit A**" and "**Exhibit B**," respectively.

5.      On BKF's motion, on January 27, 2016 the Honorable Judge Holly E. Kendig set aside default judgment only as against BKF.  A copy of the notice of ruling served by BKF's counsel is attached hereto as "**Exhibit C**."

6.      In the afternoon of Friday, May 6, 2016, Michael Schwimer, counsel for BKF sent an e-mail to me saying he intends to file 12(b) and 12(e) motions. His e-mail provided no explanation or grounds for wanting to bring such motions. I sent a reply letter to Mr. Schwimer, in which letter I asked if he would stipulated to remand of this action to the LASC, and also told him his e-mail provides no information why 12(b) or 12(e) motions may be applicable here.  True copies of Mr. Schwimer's e-mail and my reply are attached hereto as "**Exhibit D**," and "**Exhibit E**," respectively.

7.      Around 4:00 p.m., Friday, May 6, 2016, Mr. Schwimer called my office.  I told him I cannot understand his reasoning why BKF may wish to bring

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

12(b) or 12(e) motions, and asked that he would send me something in writing to summarize his arguments.  I also explained to him that I observe the Sabbath and that because it was Friday afternoon, I had to get home quickly.  Mr. Schwimer said May 6 was the deadline for BKF to file its motions and there is no time for him to send me written explanations.  I agreed to a mutual time extension so the parties can properly meet and confer.  Mr. Schwimer prepared a STIPULATION TO EXTEND TIME TO RESPOND TO REMOVED COMPLAINT [L.R. 8-3], which document and its proposed order were filed with the Court and were identified as Document numbers 7 and 7-1, respectively.

8.    On May 25, 2016, I prepared a letter to Michael Schwimer and transmitted it to his office via Facsimile and via U.S. Mail.  In my letter I asked that BKF would stipulate to remanding the above entitled action to the LASC.  I also enclosed copies of documents showing $100,000 of loans were remitted directly to BKF via three checks.  True copies of my letter and its enclosures (with the bank account information redacted) are attached hereto as "**Exhibit F**."

9.    Mr. Schwimer never meet and confer with me about the subject of 12(b) or 12(e) motion, as we had stipulated.  Rather, a few hours after **Exhibit F** was faxed to Mr. Schwimer's office, he proceeded to file the instant motion.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this First day of July 2016, at Los Angeles, California.


                       /s/ Robin Mashal
                       Robin Mashal

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.          2:16-cv-02958-PSG (JPRx)

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

# Exhibit A

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robin Mashal (California State Bar No. 205003)<br>CENTURY CITY LAW GROUP, APC<br>1875 Century Park East, Sixth Floor,<br>Los Angeles, California 90067-2507<br>TELEPHONE NO.: (310) 286-2000    FAX NO. *(Optional)*: (310) 286-2525<br>E-MAIL ADDRESS *(Optional)*: --<br>ATTORNEY FOR *(Name)*: Yoram Cohen | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 6 – 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Suzanne Wong, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
    STREET ADDRESS: 111 North Hill Street
    MAILING ADDRESS: 111 North Hill Street
    CITY AND ZIP CODE: Los Angeles, California 90012
    BRANCH NAME: Central Judicial District, Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Yoram Cohen

DEFENDANT/RESPONDENT: Birdsboro Kosher Farms Corp., et. al.

| REQUEST FOR<br>(Application) | [X] Entry of Default<br>[ ] Court Judgment | [ ] Clerk's Judgment | CASE NUMBER:<br>BC 554592 |
|---|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
  a. on *(date)*:  August 13, 2014
  b. by *(name)*: YORAM COHEN, an individual
  c. [X] Enter default of defendant *(names)*:  BIRDSBORO KOSHER FARMS CORP., a Pennsylvania Corporation;
    ISAAC PERLMUTTER, an individual a/k/a Issy Perlmutter
  d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

    *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
  e. [ ] Enter clerk's judgment
    (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
    (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
    (3) [ ] for default previously entered on *(date)*:

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint .......... | $ | $ | $ |
| b. Statement of damages * | | | |
|   (1) Special ................ | $ | $ | $ |
|   (2) General ................ | $ | $ | $ |
| c. Interest .................... | $ | $ | $ |
| d. Costs *(see reverse)* .......... | $ | $ | $ |
| e. Attorney fees .............. | $ | $ | $ |
| f. TOTALS ................ | $   For Default Only | $   For Default Only | $   For Default Only |

  g. Daily damages were demanded in complaint at the rate of: $      per day beginning *(date)*:
  *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4)*.

Date:  March 3, 2015

Robin Mashal
(TYPE OR PRINT NAME)          ▶        (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [X] Default entered as requested on *(date)*: MAR 6 – 2015<br>(2) [ ] Default NOT entered as requested *(state reason)*:<br><br>        Clerk, by _____, Deputy | SHERRI R. CARTER<br><br>Wong |

Page 1 of 2

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Exhibit A

*LexisNexis® Automated California Judicial Council Forms*

CIV-100

| PLAINTIFF/PETITIONER: Yoram Cohen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Birdsboro Kosher Farms Corp. | BC 554592 |

4. **Legal document assistant or unlawful detainer assistant** *(Bus. & Prof. Code, § 6400 et seq.).* A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not**   for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☒ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ not mailed to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

   b. ☒ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
     (1) Mailed on *(date)*:
     (2) To *(specify names and addresses shown on the envelopes)*:

     March 3, 2015         Isaac Perlmutter, Issy Perlmutter, 75 Carlton Road, Monsey, NY 10952
     March 3, 2015         Birdsboro Kosher Farms Corp., 1100 Lincoln Road , Birdsboro, PA 19508

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date:   March 3, 2015

     Robin Mashal
     (TYPE OR PRINT NAME)         ▶        (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows *(Code Civ. Proc., § 1033.5)*:
   a. Clerk's filing fees .................... $
   b. Process server's fees ................ $
   c. Other *(specify):* ...................... $
   d. ............................................ $
   e. **TOTAL** ................................ $    For Default Only
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

     (TYPE OR PRINT NAME)         ▶        (SIGNATURE OF DECLARANT)

8. ☐ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

     (TYPE OR PRINT NAME)         ▶        (SIGNATURE OF DECLARANT)

# Exhibit B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Robin Mashal (California State Bar No. 205003)
CENTURY CITY LAW GROUP, APC
1875 Century Park East, Sixth Floor
Los Angeles, California 90067-2507
TELEPHONE NO.: (310) 286-2000    FAX NO. *(Optional):* (310) 286-2525
E-MAIL ADDRESS *(Optional):* --
ATTORNEY FOR *(Name):* Yoram Cohen, Plaintiff

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

**AUG 26 2015**

Sherri R. Carter, Executive Officer/Clerk
By. S. Ontiveros, Deputy
Susana C. Ontiveros

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central Judicial District, Stanley Mosk Courthouse

PLAINTIFF: Yoram Cohen

DEFENDANT: Birdsboro Kosher Farms Corp., et. al.

| JUDGMENT DEPT 42 | | CASE NUMBER: |
|---|---|---|
| ☐ By Clerk    ☒ By Court | ☒ By Default    ☐ On Stipulation    ☐ After Court Trial    ☐ Defendant Did Not Appear at Trial | BC 554592 |

**JUDGMENT**                                                    (Dept. 42)

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                    ☐ Plaintiff's attorney *(name each):*
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.
      ☐ Defendant *(name each):*                    ☐ Defendant's attorney *(name each):*
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was  requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure, §§ 585, 664.6

*LexisNexis® Automated California Judicial Council Forms*

Exhibit B

ORIGINAL

| PLAINTIFF: Yoram Cohen | CASE NUMBER: |
|---|---|
| DEFENDANT: Birdsboro Kosher Farms Corp., et. al. | BC 554592 |

JUDGMENT IS ENTERED AS FOLLOWS BY:  [X] THE COURT    [ ] THE CLERK

4. [ ]  **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. [X] for plaintiff *(name each)*: YORAM COHEN, an individual   c. [ ] for cross-complainant *(name each)*:

and against defendant *(names)*: BIRDSBORO KOSHER FARMS CORP., a Pennsylvania Corporation; and ISAAC PERLMUTTER, an individual a/k/a Issy Perlmutter   and against cross-defendant *(name each)*:

[ ] Continued on Attachment 5a.    [ ] Continued on Attachment 5c.

b. [ ] for defendant *(name each)*:   d. [ ] for cross-defendant *(name each)*:

6. **Amount.**

a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:   c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| (1) | [X] | Damages | $ 200,000.00 | (1) | [ ] | Damages | $ |
| (2) | [X] | Prejudgment interest at the annual rate of 4.50 % | $ 18,308.00 | (2) | [ ] | Prejudgment interest at the annual rate of % | $ |
| (3) | [X] | Attorney fees | $ 3,890.00 | (3) | [ ] | Attorney fees | $ |
| (4) | [X] | Costs | $ 590.00 | (4) | [ ] | Costs | $ |
| (5) | [X] | Other *(specify)*: Punitive Damages for Fraud | $ 300,000.00 | (5) | [ ] | Other *(specify)*: | $ |
| (6) | | TOTAL | $ 522,788.00 | (6) | | TOTAL | $ |

b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
[ ] Defendant named in item 5b to recover costs $
[ ] and attorney fees $

d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
[ ] Cross-defendant named in item 5d to recover costs $
[ ] and attorney fees $

7. [X] Other *(specify)*: Defendants are jointly and severally liable under this Judgment.

Date:  AUG 26 2015

[ ]   *(signature)*
JUDICIAL OFFICER
HOLLY E. KENDIG

Date: ☺

[ ] Clerk, by _____, Deputy

---

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]                **JUDGMENT**

Exhibit B

*LexisNexis® Automated California Judicial Council Forms*

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1875 Century Park East, Suite 600, Los Angeles, California 90067-2507.

On April 21, 2015, I served on the interested parties in this action ☒ a true and correct copy of OR ☐ the original of the foregoing document(s) described as: **[PROPOSED] JUDGMENT BY COURT AFTER DEFAULT.**

☒ **(BY MAIL)** By placing said documents in postage pre-paid envelope(s), sealed and addressed as shown on the attached service list, and depositing the same with the United States Postal Service the same day. I am readily familiar with this firm's business practice for collection and processing of correspondence by U.S. Mail. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ **(BY OVERNIGHT DELIVERY)** By placing said documents in Overnite Express™ envelope(s), sealed and addressed as shown on the attached service list, and depositing the same within the Overnite Express™ deposit box at Los Angeles, California, before the scheduled pickup time, to be delivered to the parties the next day.

☐ **(BY FACSIMILE)** By causing the said document(s) to be transmitted by electronic facsimile machine to the facsimile number(s) of those parties specifically indicated on the attached service list, in compliance with the California Rules of Court, with no error reported by the machine.

☐ **(BY PERSONAL SERVICE)** I hand delivered said documents to the address(es) indicated on the attached service list.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

☐ **(FEDERAL)** I declare that ☐ I am a member of the bar of this court OR ☐ I am employed in the office of a member of the bar of this court at whose direction this service was made, and that the above is true and correct.

Executed on April 21, 2015, at Los Angeles, California.

-1-

PROOF OF SERVICE TO PROPOSED JUDGMENT      CASE NO.: BC 554592

Exhibit B

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

## SERVICE LIST

Isaac Perlmutter
Issy Perlmutter
75 Carlton Road
Monsey, NY 10952

Birdsboro Kosher Farms Corp.
1100 Lincoln Road
Birdsboro, PA 19508

Dept 42: (213) 633-0162

-2-

PROOF OF SERVICE TO PROPOSED JUDGMENT          CASE NO.: BC 554592

Exhibit B

# Exhibit C

ORIGINAL

Michael E. Schwimer, Esq. (SBN 255567)
Megan E. Klein, Esq. (SBN 276430)
SCHWIMER WEINSTEIN LLP
2665 Main Street, Suite 200
Santa Monica, CA 90405
Telephone: (310) 957-2700
Facsimile: (310) 957-2701

Attorneys for Defendant
Birdsboro Kosher Farms Corp.

**FILED**
Superior Court of California
County of Los Angeles

JAN 28 2016

Sherri R. Carter, Executive Officer/Clerk
By_____*Natasha Rose*_____, Deputy
Natasha Rose

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

YORAM COHEN, an individual;

Plaintiff,

v.

BIRDSBORO KOSHER FARMS CORP., a
Pennsylvania Corporation; ISAAC
PERLMUTTER, an individual a/k/a Issy
Perlmutter, and DOES 1 through 50 inclusive,

Defendants.

CASE NO.: BC 554592
[Complaint filed: August 13, 2014]

**BY FAX**

**NOTICE OF RULING**

Date: 1/27/2016
Time: 8:30 a.m.
Dept.: 42

**TO ALL PARTIES TO THIS ACTION AND THEIR ATTORNEYS OF RECORDS:**

**PLEASE TAKE NOTICE THAT** on January 27, 2016 at 8:30 a.m., in Department 42 of the above-captioned Court, located at 111 North Hill Street, Los Angeles, California, the Honorable Holly E. Kendig presiding, the Defendant's Motion to Set Aside Entry of Default, came on for hearing. Mr. Michael Schwimer, Esq. appeared on behalf of Defendant Birdsboro Kosher Farms Corp. Mr. Robin Mashal, Esq. appeared on behalf of Plaintiff Yoram Cohen. The Court's Order entered on January 27, 2016, is attached hereto as Exhibit "A."

The Court made the following orders:

1.     The Default entered against Defendant Birdsboro Kosher Farms Corp. on March 6, 2015 is hereby vacated;

Exhibit C     **NOTICE OF RULING**     1

2.      The Default Judgment entered against Defendant Birdsboro Kosher Farms Corp. on August 26, 2015 is hereby vacated;

3.      The Court's order of March 3, 2015, on the Motion for an Order that Matters in Requests for Admissions, Set One, Served on Birdsboro Kosher Farms Corp. be Deemed Admitted, or Alternatively for an Order Compelling Responses to All Discovery Requests Served, and Imposing Monetary Sanctions, is vacated;

4.      Defendant Birdsboro Kosher Farms Corp. is to file a responsive pleading within thirty (30) days of the date of this order; and

5.      Defendant Birdsboro Kosher Farms Corp. is to give notice.

Dated: January 28, 2016

SCHWIMER WEINSTEIN LLP

Megan E. Klein
Attorneys for Defendant
Birdsboro Kosher Farms Corp.

SCHWIMER WEINSTEIN LLP
2665 MAIN STREET, SUITE 200
SANTA MONICA, CA 90405

Exhibit C

2

NOTICE OF RULING

# PROOF OF SERVICE -- §1013a <u>CODE OF CIVIL PROCEDURE</u>, STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 2665 Main St., Suite 200, Santa Monica, CA 90405.

On January 28, 2016, I served the foregoing document described as **NOTICE OF RULING** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Attorneys for Plaintiff:
**YORAM COHEN**
Robin Mashal, Esq.
Century City Law Group, aPC
1875 Century Park East, Sixth Floor
Los Angeles, CA 90067
<u>robin@centurylawyer.com</u>
Fax: (310) 286-2525
Phone: (310) 286-2000

☒ **By Mail:** I caused such envelope to be deposited in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **By Overnight Delivery:** I caused such envelope to be sent via overnight delivery service. The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

☐ **By Fax:** I caused such document to be transmitted by facsimile. The facsimile machine I used complied with California <u>Rules of Court</u>, Rule 2003(3) and the transmission was reported as complete and without error.

☐ **By Email:** I caused such document to be transmitted via electronic mail to the e-mail address set forth on the attached service list on this date before 5:00 p.m.

☐ **By Personal Service:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **State:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2016, at Santa Monica, California.

Megan Klein

<span style="color:blue">Exhibit C</span>

3

**PROOF OF SERVICE**

# A

Exhibit C

Michael E. Schwimer, Esq. (SBN 255567)
SCHWIMER WEINSTEIN LLP
2665 Main Street
Suite 200
Santa Monica, CA 90405
Telephone: (310) 957-2700
Facsimile: (310) 957-2701

Attorney for Defendant
Birdsboro Kosher Farms Corp.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 27 2016

Sherri R. Carter, Executive Officer/Clerk

By Susana C. Ontiveros, Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| YORAM COHEN, an individual;<br><br>        Plaintiff,<br><br>    v.<br><br>BIRDSBORO KOSHER FARMS CORP., a Pennsylvania Corporation; ISAAC PERLMUTTER, an individual a/k/a Issy Perlmutter, and DOES 1 through 50 inclusive,<br><br>        Defendants. | CASE NO.: BC 554592<br>[Complaint filed: August 13, 2014]<br>Assigned to the Hon. Holly Kendig<br><br>[PROPOSED] ORDER<br><br>Date:  1/27/2016<br>Time:  8:30 a.m.<br>Dept.:  42 |

Defendant Birdsboro Kosher Farms Corp.'s Motion to Set Aside Entry of Default, came on for hearing on January 27, 2016 at 8:30 a.m., in Department 42 of the above-captioned Court, the Honorable Holly E. Kendig presiding.  Mr. Michael E. Schwimer, Esq. appeared on behalf of Defendant Birdsboro Kosher Farms Corp..  Mr. Robin Mashal, Esq. appeared on behalf of Plaintiff Yoram Cohen

Having read and considered the moving papers, any opposition thereto, and the files and records of this case, and having heard oral argument thereon, and good cause appearing, the Court ordered as follows:

///

Exhibit C          [PROPOSED] ORDER

1    **IT IS HEREBY ORDERED** that the Default entered against Defendant Birdsboro Kosher

2   Farms Corp. on March 6, 2015 is hereby vacated.

3    IT IS FURTHER ORDERED that the Default Judgment entered against Defendant Birdsboro

4   Kosher Farms Corp. on August 26, 2015 is hereby vacated. *The order of March 3, 2015,*

*on the discovery motions is also vacated.*

5    IT IS FURTHER ORDERED that Defendant Birdsboro Kosher Farms Corp. file a responsive

6   pleading within thirty (30) days of the date of this order.

7

8   **IT IS SO ORDERED.**

9

10   DATED:   JAN 2 7 2016

Honorable Holly E. Kendig

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SO WINNER WEINSTEIN LLP
2665 Main STREET, SUITE 200
SANTA MONICA, CA 90405

Exhibit C

**[PROPOSED] ORDER**

# Exhibit D

# GMail

**Robin Mashal <robin@centurylawyer.com>**

---

## Cohen v. Birdsboro: 16-cv-02958

---

**michael@swlawllp.com <michael@swlawllp.com>**       Fri, May 6, 2016 at 1:00 PM
To: robin@centurylawyer.com
Cc: michael@swlawllp.com

Dear Mr. Mashal,

I left you a voicemail earlier to attempt to meet and confer one last time before I file 12b and 12e motions in the above referenced case. If you do not agree to either dismiss our client (Birdsboro), or amend the complaint to satisfy the probability and particularity requirements of Rule 8a and 9b respectively, and remedy the other defects in the complaint as to our client, we will have no choice but to file our motions.

I am more than happy to discuss the matter further, and if you are amenable, we will gladly hold off on filing the motions while we meet and confer further, so long as you agree to stipulate to granting an extension of time to respond while we are meeting and conferring.

I can be reached either in my office, or by cell 310.600.8700. I am also available to meet in person in your offices at a time and date convenient for you.

My very best.

--

Michael E. Schwimer, Esq.

**SCHWIMER | WEINSTEIN LLP**
2665 Main Street, Suite 200
Santa Monica, CA 90405
Tel. (310) 957-2700 x 103

Fax (310) 957-2701
www.swlawllp.com

--

The information contained in this e-mail message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. Further, this electronic transmission may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 310.957.2700 or e-mail and destroy this e-mail message.

Exhibit D

# Exhibit E

**G** mail                                               Robin Mashal <robin@centurylawyer.com>

## Cohen v. Birdsboro: 16-cv-02958

**Robin Mashal** <robin@centurylawyer.com>                    Fri, May 6, 2016 at 3:09 PM
To: "Michael Schwimer Esq." <michael@swlawllp.com>
Bcc: Robin Mashal <robin.mashal@gmail.com>

Dear Mr. Schwimer,

I am in receipt of your e-mail below.

First, I would like to meet and confer with you on Birdsboro Kosher Farms Corp.'s ("BKF's") improper removal of the *Cohen v. Birdsboro Kosher Farms Corp.*, Los Angeles Superior Court, Case Number BC 554592, to the Federal District Court. My client intends to bring a motion to remand the action the Los Angeles Superior Court, and will be seeking recovery of costs and legal fees associated therewith. Before doing so, I wanted to urge you to stipulate to the remand. Please advise me if you will so stipulate.

Second, assuming *arguendo* the removal was proper and the federal court had proper jurisdiction over this matter, I cannot see how any 12b or 12e motions will be applicable here. Your e-mail does not provide any further information either. If you want to explain your authority and argument, I will look at them.

Third, if BKF pays its liabilities to my client, my client will certainly consider dismissing BKF. As well, for any payments received from BKF, my client will provide appropriate credit against the existing judgment against Isaac Perlmutter.

--
Best Regards,

Mr. Robin Mashal
CENTURY CITY LAW GROUP, APC
1875 Century Park East, Sixth Floor
Los Angeles, California 90067-2507
Phone: (310) 286-2000
Fax: (310) 286-2525


[Quoted text hidden]

**Exhibit E**

# Exhibit F

3'ôô

# CENTURY CITY LAW GROUP

### A PROFESSIONAL CORPORATION
1875 CENTURY PARK EAST, SIXTH FLOOR
LOS ANGELES, CALIFORNIA 90067-2507
PHONE: (310) 286-2000
FAX: (310) 286-2525

May 25, 2016

<u>VIA FACSIMILE AND U.S. MAIL</u>

Michael E. Schwimer, Esq.
Megan Klein, Esq.
SCHWIMER WEINSTEIN, LLP
2665 Main Street, Suite 200
Santa Monica, CA 90405

Phone: (310) 957-2700

      Re:    <u>Cohen v. Birdsboro Kosher Farms Corp.</u>
              United States District Court, Los Angeles, Case No. 2:16-cv-02958
              (Superior Court of California, County of Los Angeles, Case No. BC 554592)

Dear Counsel,

      I am sending this letter in an effort to further meet and confer with you on a couple of matters.

      First, please advise me if you will stipulate to remand the above action to the Los Angeles Superior Court. The Court will certainly appreciate if this matter is resolved by stipulation, in lieu of burdening the Court's calendar.

      Second, I wish to once again meet and confer with you concerning repayment of my client's loans. Although I am certain you already have these, I am enclosing further copies of my client's loan checks and the wire transfer document. Notably, the 3 checks totaling $100,000 were remitted directly to Birdsboro Kosher Farms Corp. ("BKF"), and as to the remaining $100,000 BKF acted as guarantor. The Court will likely refer this action to mediation, but it certainly is more efficient if this matter is resolved without incurring mediation costs. Kindly advise me if BKF is prepared to repay my client, or wishes to delay this matter causing further litigation costs.

                    Sincerely,

                    Robin Mashal

RM:hs
Enclosures

Exhibit F

| Routing 12104288 | Sequence # 8314032004 | Paid Date 06112013 | Amount $25000.00 | Account 630 | | Serial 5038 | Capture Source 00007139 |
|---|---|---|---|---|---|---|---|



For Deposit Only
Account# 158025120

Exhibit F

| Routing | Sequence # | Paid Date | Amount | Account | Serial Capture Source |
|---------|-----------|-----------|--------|---------|----------------------|
| 12104288 | 8714812970 | 06142013 | $25000.00 | 630■■■■ 5044 | 00007139 |

Y C ELAT MEAT MARKET
6730 W PICO BLVD
LOS ANGELES, CA 90035-2208
(310) 860-9260

DATE 6  14  2013

PAY TO THE
ORDER OF  BIRDSBORD  KOSHER  FARMS   $ 25000 oo

TWENTY  FIVE  THOUSAND  oo/100   DOLLARS

WELLS FARGO Bank, N.A.
Colorado
wellsfargo.com

FOR LOAN

For Deposit Only
Account# 158025120

Exhibit F

| Routing | Sequence # | Paid Date | Amount | Account | | Serial | Capture Source |
|---------|-----------|-----------|--------|---------|--|--------|----------------|
| 12104288 | 8213322463 | 06172013 | $50000.00 | 6301 | | 5049 | 00007139 |



For Deposit Only
Account# 158025120

Exhibit F

Page: 1 Document Name: untitled

```
COMMAND ===>                                        AXCIS - DATA PRESENTATION                    U328436  COL 0001-0132
$DYN0001  DYNAMIC WORK ITEM                                                                          LINE  4138422 OF  2851164
WTIFTJ    230007   REGIONDC 02062013                                                       04/27/15 18:11:57  SCROLL = LINE
************************************************************************************************          MATCH 00001 OF 00001

*DBT E/000000900904475                              CPT A/021000021                   ADV:PRD
DEBIT VAL: 13/02/05                                 CREDIT VAL: 13/02/05
AMT:100,000.00 CUR:USD                              AMT:100,000.00 CUR:USD
GL RECON: 114114                                    GL RECON: 114114
DEPT:0000000855                                     DEPT:0002729
YORAM COHEN                                         JPMORGAN CHASE BANK, N.A.
327 S HIGHLAND AVE                                  4 NEW YORK PLAZA
LOS ANGELES       CA 90036-3024                     FLOOR 15
SNDR REF NUM:0000085503536870                       NEW YORK, NY, US
                                                    COUNTRY OP RESIDENCY: US
                                                    BNF BANK:/
                                                    BNF:/810455485                   CHG: BKPIN
                                                    Isaac Perlmutter ,
                                                    75 Carlton Rd
                                                    Mooneey, NY 10952
                                                    BNF MAILING COUNTRY: US
                                                    ORIG TO BNF INFO:
                                                    Loan

PF3/15 - END;          PF7/19 - BACK;          PF8/20 - FORWARD;          PF10/22 - LEFT;          PF11/23 - RIGHT
```

WIR:

Exhibit F

# CENTURY CITY LAW GROUP

A PROFESSIONAL CORPORATION

1875 CENTURY PARK EAST, SIXTH FLOOR
LOS ANGELES, CALIFORNIA 90067-2507
PHONE:  (310) 286-2000
FAX:  (310) 286-2525

## FACSIMILE COVER SHEET

**TO:**            Schwimer Weinstein LLP

**ATTENTION:**     Megan Klein, Esq.
                   Michael E. Schwimer, Esq.

**FACSIMILE:**     (310) 957-2701

**TELEPHONE:**     (310) 957-2700

**CC:**            --

**SUBJECT:**       Cohen v. Birdsboro Kosher Farms Corp., et. al.

**DATE:**          Wednesday, May 25, 2016

**TOTAL PAGES:**   6  (including this cover sheet)

THE CONTENTS OF THIS FACSIMILE MAY BE CONFIDENTIAL AND/OR PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT (310) 286-2000 AND RETURN THIS MESSAGE AND ALL COPIES OF IT TO US VIA U.S. MAIL. THANK YOU.

Exhibit F

```
                    TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 05/25/2016 14:39
                                    NAME  : CENTURY CITY LAW GRP
                                    FAX   : 310-286-2525
                                    TEL   :
                                    SER.# : D0J392045
```

```
      DATE,TIME                     05/25  14:37
      FAX NO./NAME                  913109572701
      DURATION                      00:01:59
      PAGE(S)                       06
      RESULT                        OK
      MODE                          STANDARD
```

# CENTURY CITY LAW GROUP

A PROFESSIONAL CORPORATION

1875 CENTURY PARK EAST, SIXTH FLOOR
LOS ANGELES, CALIFORNIA 90067-2507
PHONE: (310) 286-2000
FAX: (310) 286-2525

## FACSIMILE COVER SHEET

| | |
|---|---|
| **TO:** | Schwimer Weinstein LLP |
| **ATTENTION:** | Megan Klein, Esq.<br>Michael E. Schwimer, Esq. |
| **FACSIMILE:** | (310) 957-2701 |
| **TELEPHONE:** | (310) 957-2700 |
| **CC:** | -- |
| **SUBJECT:** | Cohen v. Birdsboro Kosher Farms Corp., et. al. |
| **DATE:** | Wednesday, May 25, 2016 |
| **TOTAL PAGES:** | 6 (including this cover sheet) |

Exhibit F

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1875 Century Park East, Suite 600, Los Angeles, California 90067-2507.

On July 1, 2016, I served on the interested parties in this action ☒ a true and correct copy of OR ☐ the original of the foregoing document(s) described as:  **OPPOSITION TO DEFENDANT BIRDSBORO KOSHER FARMS CORP.'S MOTION TO DISMISS AND MOTION FOR MORE DEFINITIVE STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBIN MASHAL; EXHIBITS.**

☒   **(BY MAIL)**  By placing said documents in postage pre-paid envelope(s), sealed and addressed as shown on the attached service list, and depositing the same with the United States Postal Service the same day.  I am readily familiar with this firm's business practice for collection and processing of correspondence by U.S. Mail.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☒   **(FEDERAL)**  I declare that  ☒ I am a member of the bar of this court OR ☐ I am employed in the office of a member of the bar of this court at whose direction this service was made, and that the above is true and correct.

Executed on July 1, 2016, at Los Angeles, California.


_____/S/ Robin Mashal_____
Robin Mashal

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ETC.                    2:16-cv-02958-PSG (JPRx)

CENTURY CITY LAW GROUP
A PROFESSIONAL CORPORATION

# SERVICE LIST

Michael E. Schwimer, Esq.
Megan Klein, Esq.
SCHWIMER WEINSTEIN, LLP
2665 Main Street, Suite 200
Santa Monica, CA 90405

    Phone:  (310) 957-2700
    Fax:  (310) 957-2701


Isaac Perlmutter
Issy Perlmutter
75 Carlton Road
Monsey, NY 10952