MICHAEL E. SCHWIMER, ESQ. – State Bar No. 255567
**SCHWIMER WEINSTEIN LLP**
2665 Main St., Suite 200
Santa Monica, CA 90405
Michael@SWLawLLP.com
Main:  (310) 957-2700
Fax:  (310) 957-2701

Attorney(s) for Defendant(s)
BIRDSBORO KOSHER FARMS CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORAM COHEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BIRDSBORO KOSHER FARMS CORP., a Pennsylvania Corporation; ISAAC PERLMUTTER, an individual a/k/a Issy Perlmutter, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02958-PSG-JPR<br>Assigned to the Hon. Philip S. Gutierrez and the Hon. Jean P. Rosenbluth (Magistrate)<br><br>**DEFENDANT BIRDSBORO KOSHER FARMS CORPP.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)] OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>**Date:   7/25/2016**<br>**Time:  1:30 p.m.**<br>**Dept.:  880 - Roybal** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Birdsboro Kosher Farms Corp. ("BKF") hereby submits its Reply In Support of its Motion for an Order dismissing plaintiff Yoram Cohen's ("Cohen") Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) or in the alternative requiring Cohen to make a more definite statement pursuant to FRCP 12(e).

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## ARGUMENT

### A. BKF SATISFIED THE MEET AND CONFER REQUIREMENTS OF L.R.7-3

Cohen's "failure to meet and confer" argument is a red herring made to draw the Court's attention away from the fatal defects in the Complaint. Notwithstanding Cohen's disingenuous revisionist history to the contrary, BKF fully satisfied the meet and confer requirements of L.R. 7-3 by meeting and conferring with Cohen's counsel, Robin Mashal, multiple times before the filing of this Motion[1]. During those meet and confer efforts, Mr. Mashal made it abundantly clear that Cohen was unwilling to dismiss BKF or amend the Complaint – a fact that is underscored by Cohen's refusal to amend the Complaint or dismiss BKF after service of this Motion (which was his right within 21 days of the service of this Motion).

Moreover, even though Cohen now complains that BKF failed to meet and confer, neither Cohen nor Mr. Mashal state that further attempts to meet and confer would have resulted in Cohen dismissing BKF or amending the Complaint. Since Cohen was (and is) unwilling to dismiss BKF or attempt to amend the Complaint, further efforts to meet and confer would have been a futile effort. Therefore, the L.R. 7-3 meet and confer requirements were satisfied, and this Motion was properly filed.

### B. THE COMPLAINT AS A WHOLE ESTABLISHES THAT COHEN'S COMMERCIAL BRIBERY SCHEME IS THE ONLY PLAUSIBLE EXPLANATION FOR THE FACTS ALLEGED

The Complaint as a whole establishes that Cohen's commercial bribery scheme is the only plausible explanation for the facts alleged.

"The relevant question … in assessing plausibility is not whether the complaint

---

[1] The full extent of those meet and confer efforts are set forth in the Declaration of Michael Schwimer filed herewith.

makes any particular factual allegations but, rather, whether 'the complaint warrant(s) dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez-Reyes v. Molina-Rodríguez* (1st Cir. 2013) 711 F.3d 49, 55 (quoting *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 569, 127 S.Ct. 1955, 1973, fn. 14). "Where a complaint pleads facts that are *merely consistent with* a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal* (2009) 556 US 662, 678, 129 S.Ct. 1937, 1949 (emphasis added; internal quotes omitted).  Accordingly, if there are two possible explanations but only one is true and only one results in liability, "plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation … Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true …" *In re Century Aluminum Co. Secur. Litig.* (9th Cir. 2013) 729 F.3d 1104, 1108.

In his Opposition, Cohen asks the Court to *disregard* the Complaint as a whole. Instead, he asks the Court to rely entirely upon the self-serving recitations in the "loan documents" that BKF was "in need of a loan," and that "[Mr. Perlmutter] intends to make that money [from the "loan" proceeds] available to" BKF.  Opposition 6:19-28. According to Cohen, those self-serving recitations are enough to create an inference that the "loans" were legitimate, and that accordingly Cohen did not engage in commercial bribery.  However, as set forth in the moving papers, the only plausible explanation supported by the Complaint as a whole, is the commercial bribery scheme.   Moreover, as set forth in the moving papers, Cohen's explanation as to why he "loaned" funds directly to Mr. Perlmutter (even though those funds were allegedly "intended" for BKF) is not plausible, eviscerating Cohen's claims.

### C. COHEN'S OPPOSITION HIGHLIGHTS HIS FAILURE TO PLEAD FRAUD WITH PARTICULARITY

In his attempt to explain the "who, what, when, and where," Cohen only highlights his failure to plead fraud with particularity for *each element* of his fraud claims.  None of

3

the specific allegations enumerated by Cohen satisfy the heightened pleading requirements for fraud. In fact, Cohen's forced *post hoc* interpretation of the Complaint only adds to the confusion.

### D. COHEN HAS FAILED TO DEMONSTRATE HOW ANY OF THE ALLEGED REPRESENTATIONS WERE ACTIONABLE MISREPRESENTATIONS

As stated in the moving papers, and confirmed by Cohen's Opposition, the Complaint fails to allege any actionable misrepresentations. Rather, Cohen only alleges statements of opinion. The sole case relied upon by Cohen to the contrary, *Mariani v. Schonfeld* (1954) Cal.App.2d 187, is inapposite. In *Mariani*, the seller of a bowling alley misrepresented to the buyer that the bowling alley operated at a profit, even though it actually was operating at a loss. *Id*. Here, Cohen has not alleged a representation that BKF "operated at a profit" – when it actually operated at a loss – only that Mr. Perlmutter and BKF "are in strong financial health." This subjective opinion is not actionable.

### E. COHEN CONCEDES THAT FINANCIAL HEALTH WAS NOT RELEVANT TO COHEN'S DETERMINATION OF BKF'S CREDITWORTHINESS

In his Opposition, Cohen concedes that BKF's financial health was not a factor considered by Cohen in determining BKF's creditworthiness. As Cohen argues, he did not extend credit directly to BKF because "[he] was not inclined to make loans to a newly formed business." Opposition 10:14-16. Cohen's concession that he would not lend directly to a newly formed business *regardless of financial strength*, completely contradicts any assertion that he would extend credit to a third party based upon the financial strength of a newly formed business. Thus, as a matter of law, Cohen cannot have relied upon alleged statements of BKF's financial strength in deciding to extend credit to Mr. Perlmutter.

///

///

4

**REPLY ISO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
**2:16-cv-02958-PSG-JPR**

### F. ON THE FACE OF THE COMPLAINT THE CORPORATE GUARANTEES ARE A SHAM

On the face of the Complaint, the "corporate guarantees" are a sham because Cohen alleges that Mr. Perlmutter and BKF are alter egos. Cohen does not dispute that when a primary obligor and a guarantor are alter egos, the guarantee is a sham and cannot be enforced. Instead, Cohen attempts to confuse the issue by mischaracterizing BKF's arguments. However, Cohen has alleged (and is therefore estopped from denying) that BKF and Mr. Perlmutter are alter egos. Specifically, Cohen alleges that:

> 6. Plaintiff is informed and believes and based thereon alleges that during all relevant times BKF, ISSY and Does 1 through 50 are, and were, *the alter egos* of each other, and the actions, representations, and conduct of the others, and each of them is and was bound thereby as having done, made, and/or committed the same directly. At all times mentioned herein, these defendants' conduct is and was the action, representation, and conduct of each and all other such defendants, and each such defendant is and was to be *obligated*, responsible, held liable, and charged thereby.
>
> 7. Plaintiff is informed and believes that the "corporate" form of any corporate defendants should be disregarded, and the remaining defendants, and each of them, *should be held liable for all obligations of the corporate defendants hereunder alleged*…

Complaint ¶¶ 6-7 (emphasis added). Since Cohen has alleged that Mr. Perlmutter is the alter ego of BKF, Cohen has disclosed an absolute defense to the enforcement of the "corporate guarantees" on the face of the Complaint.

### G. THE SIXTH AND ELEVENTH CAUSES OF ACTION FOR "RESTITUTION" FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION FOR QUASI-CONTRACT

Cohen attempts to salvage the sixth and eleventh causes of action by arguing that "BKF clearly has received and enjoyed Cohen's funds," and that as such, Cohen is "entitled to recover his damages by alternatively pleadings [sic] breach of contract, quasi-contract theories [sic] …" Opposition 13:1-3. While Cohen certainly is "entitled" to assert quasi-contract causes of action, here he has failed to do so. Nowhere in the

Complaint does Cohen allege that BKF either "received" or "enjoyed" Cohen's funds. Instead, Cohen attempts to introduce new evidence in the form of "checks" attached as exhibits to the declaration of his counsel submitted in support of the Opposition[2]. Cohen *now* argues that these "checks" show that BKF received his funds directly. However, not only were these "checks" not attached to or referenced by the Complaint, they are completely contradicted by the allegations in the Complaint, and are further internally contradictory.

In the Complaint, Cohen alleges that for both "loans" he transferred the funds "***VIA AN ELECTRONIC FUND TRANSFER***." Complaint ¶¶ 12 and 15 (emphasis added). Yet, now Cohen is representing to the Court that he sent the "second loan" funds directly to BKF via ***CHECK***. Further, in the Complaint, Cohen alleges that the funds for the "second loan" were transmitted electronically "on or about June 11, 2013." Complaint ¶ 15; Exhibit 2 to Complaint (Note dated June 11, 2013 and stating "For value *received*" emphasis added). Yet, now Cohen is representing to the Court that he sent the funds for the "second loan" in three checks dated June 11, 2013, June 14, 2013, and June 17, 2013. Finally, the three "checks" each name "Y C ELAT MEAT MARKET" as payer, not Cohen. At best, these material discrepancies are very suspicious, especially in light of the specificity of Cohen's allegations in the Complaint regarding the manner in which funds were allegedly transferred, and the nearly two years Cohen has had to correct any pleading errors.

Finally, as a matter of law, Cohen cannot state a quasi-contract claim against BKF because the nature of the alleged transaction was for Cohen to "loan" money to Mr. Perlmutter, not BKF. As alleged, whatever Mr. Perlmutter ultimately did with that money (regardless of his allegedly stated "intention") was outside of Cohen's control. Thus, none of the common counts or quasi-contract theories of recovery apply to BKF.

///

---

[2] BKF hereby objects to these "checks" on the grounds that they lack foundation and contain inadmissible hearsay.

6

# III.

## **CONCLUSION**

For the reasons stated herein, BKF respectfully requests that the Court grant this Motion without leave to amend or order Cohen to file a more definite complaint.

Dated: July 11, 2016

SCHWIMER WEINSTEIN
By:   /S/ Michael E. Schwimer
MICHAEL E. SCHWIMER

Attorney(s) for Defendant(s)
BIRDSBORO KOSHER FARMS CORP.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 2665 Main St., Suite 200, Santa Monica, CA 90405.

On July 11, 2016, I served the foregoing documents described as REPLY ISO MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**Attorney(s) for Plaintiff**
**YORAM COHEN**
**Robin Mashal**
**Century City Law Group, APC**
1875 Century Park East, 6th Fl.
Los Angeles, CA 90067
P: 310.286.2000
F: 310.286.2525
E: robin@centurylawyer.com

## Electronic Service List

**The following are those who are currently on the list to receive e-mail notices for this case.**

**FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 11, 2016, at Santa Monica, California.

/S/ Michael E. Schwimer
MICHAEL E. SCHWIMER.